**Pedro LEIJA, Petitioner–Appellant,**

v.

**Frank ELO, Respondent–Appellee.**

No. 99–2026.

United States Court of Appeals,
Sixth Circuit.

May 17, 2001.

Before JONES and DAUGHTREY, Circuit Judges, and ECONOMUS,* District Judge.

PER CURIAM.

Pedro Leija, a Michigan state prison inmate, appeals from the district court's denial of his petition for a writ of habeas corpus, a decision the court reached without the benefit of an evidentiary hearing. Before this court, Leija asserts that he is entitled to habeas relief due to the ineffectiveness of his trial counsel in failing to call a certain defense witness and in failing to allow the petitioner to testify in his own defense. Leija further contends that his *appellate* counsel was ineffective in not questioning the adequacy of the legal representation that he received at trial.

Leija was convicted in Michigan state court of second degree murder for his part in the stabbing death of Joe Menominee in April 1987, despite the petitioner's contention that the killing occurred while he was defending himself from an attack initiated by the victim. Following the jury verdict, the trial court sentenced the petitioner to 35–80 years in prison. Leija then exhausted his available state court remedies before filing this petition in federal court. Although a magistrate judge first recommended that an evidentiary hearing be conducted on the ineffective assistance of counsel claims now advanced by the petitioner, the district court denied such a hearing after concluding that Leija failed to proffer any additional facts that, even if true, would have entitled him to the relief he requested.

* The Hon. Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

██ We conclude that the district court ruled correctly in this matter. For the reasons detailed by the district court, trial counsel was not ineffective for failing to place the defendant on the stand when Leija himself agreed in open court that his best interests would not be served by testifying. Furthermore, trial counsel cannot be faulted for failing to call a defense witness whose testimony would have been, at best, cumulative and, in part, detrimental to the theory espoused by Leija. Finally, if trial counsel was not ineffective, appellate counsel cannot be considered ineffective for refusing to challenge those strategic trial decisions.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying habeas relief. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of an additional detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its Memorandum and Order dated August 31, 1999.